# UNITED STATE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GARY AND SHARON MCDONALD,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIV-16-336-R |
| ) | |
| **CSAA INSURANCE EXCHANGE,** ) | |
| **CSAA FIRE AND CASUALTY COMPANY** ) | |
| **d/b/a/ AAA FIRE AND CASUALTY** ) | |
| **INSURANCE COMPANY; and** ) | |
| **AUTOMOBILE CLUB OF AMERICA** ) | |
| **d/b/a AAA OKLAHOMA,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. No. 9). The motion has been fully briefed. However, Plaintiffs, in addition to their reply brief, filed an "Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand" (Doc. No. 18). Defendants have objected to the Motion, however, if discovery is granted, Defendants request that certain conditions be imposed.

This action arises from earthquakes in Logan County, Oklahoma. Plaintiffs contend they entered into an insurance contract covering their home with Defendant CSAA Fire and Casualty Company d/b/a/ AAA Fire and Casualty Insurance Company, and that the insurer failed to pay for earthquake damage. As a result, Plaintiffs seek relief from Defendants on theories of breach of contract and bad faith. Plaintiffs' theory is that AAA Fire and Casualty is the insurer, but that CSAA Insurance Exchange, its parent company, and AAA Oklahoma, are liable as related entities. Defendants CSAA Insurance Exchange and CSAA Fire and Casualty Company removed the action, asserting diversity of citizenship. Plaintiffs had alleged in their Petition that both CSAA Insurance

Exchange and CSAA Fire and Casualty Company were Indiana corporations with their principal place of business in California. AAA Oklahoma was alleged to be an Oklahoma corporation with its principal place of business in Oklahoma, which would destroy diversity. Defendants CSAA Insurance Exchange and CSAA Fire and Casualty Insurance Company removed the action from the District Court of Logan County, asserting the existence of diversity jurisdiction because AAA Oklahoma had been fraudulently joined. In response Plaintiffs filed the instant motion. In their response to the motion the Defendants included the affidavit of Dennis Spadini setting forth the organizational structure of the Defendants CSAA Insurance Exchange and CSAA Fire & Casualty Company, which is wholly owned by the Exchange and that neither entity has an ownership interest in AAA Oklahoma. Mr. Spadini further averred that it was not necessary to be a member of AAA Oklahoma to obtain insurance from CSAA Fire & Casualty.

Plaintiffs contend, contrary to their pleading, that the Exchange is not a corporation, but rather is an unincorporated association, the citizenship of which is derived from the citizenship of its members. Accordingly, Plaintiffs argue, the Exchange is not a diverse party either. As a result of Defendants' contentions and its reliance on the affidavit of Mr. Spadini, Plaintiffs seek jurisdictional discovery, specifically the opportunity to depose Mr. Spadini regarding his affidavit and the other information upon which Defendant relies in support of its fraudulent joinder argument.

The Court hereby grants Plaintiffs' request for jurisdictional discovery to clarify two issues, the citizenship of the Exchange and the viability of Plaintiffs' claims against Defendant AAA Oklahoma. Although Defendants contend discovery is not necessary, they request that certain conditions be imposed with regard to Mr. Spadini and his deposition and that they be permitted discovery from the Plaintiffs. The Court agrees that the conditions requested are reasonable, and

further, that Defendant is entitled to reciprocal discovery. Accordingly, the Motion to Remand is hereby stayed until this matter is fully briefed. Any deposition of Mr. Dennis Spadini shall be conducted at or near Walnut Creek, California. Additionally, Defendants are hereby granted leave to depose Plaintiffs with regard to their contentions regarding the Automobile Club of Oklahoma and their contention that CSAA Insurance Exchange is considered a citizen of Oklahoma. Plaintiffs shall file a supplemental reply within seventy-five days of entry of this Order. Defendants are hereby granted leave to file a sur-reply within ten days of Plaintiffs' supplemental reply.

**IT IS SO ORDERED** this 10th day of August, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE