IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY McDONALD and SHARON McDONALD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIV-16-336-R |
| CSAA INSURANCE EXCHANGE, CSAA FIRE AND CASUALTY INSURANCE COMPANY d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, and AUTOMOBILE CLUB OF OKLAHOMA d/b/a AAA OKLAHOMA, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion to Remand, filed by Plaintiffs (Doc. No. 24). Defendants CSAA Insurance Exchange and CSAA Fire and Casualty Insurance Company, d/b/a AAA Fire and Casualty Insurance Company responded in opposition to the motion. The Court previously permitted the parties to conduct jurisdictional discovery and to file supplemental briefs in support of their respective positions. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs allege breach of their homeowners insurance policy by Defendant CSAA Fire and Casualty Insurance Company d/b/a AAA Fire and Casualty Insurance Company ("AAAFCIC"), because AAAFCIC refused a claim for alleged earthquake damage to the insured property. Plaintiffs contend AAAFCIC breached the contract and that the breach was in bad faith. Plaintiffs name two additional Defendants, although neither is alleged to

have issued the Policy. Rather, they assert that Defendant CSAA Insurance Exchange is the parent company of AAA Oklahoma, and that CSAA Insurance Exchange, AAAFCIC, and AAA Oklahoma "operate and are part of a reciprocal insurance exchange, wherein they pool and partner their businesses under a regime of control such that all of its subsidiaries and affiliated companies can be held liable for bad faith and breach of contract." Petition, ¶ 5. Plaintiffs also allege that in order for a homeowner in Oklahoma to purchase insurance through AAA Oklahoma, the insured must be a member thereof, and as a result, AAA Oklahoma may be vicariously liable for action or inaction of AAAFCIC. Petition, ¶ 4.

Pursuant to 28 U.S.C. § 1332(a), this case was removed from the District Court of Logan County by CSAA Insurance Exchange and AAAFCIC, prior to an appearance by AAA Oklahoma. As implied by its name, AAA Oklahoma is not a diverse party. The removing Defendants contend Plaintiff fraudulently joined the non-diverse Defendant to avoid federal jurisdiction. Plaintiffs argue Defendants cannot meet the heavy burden of establishing AAA Oklahoma's fraudulent joinder, and accordingly, seek remand. Plaintiffs further assert that CSAA Insurance Exchange is not diverse due to its status as an unincorporated association and therefore considered domiciled in every state in which it has members, known in the reciprocal insurance context as subscribers.

A case pending in state court may be removed by a defendant to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987). The original jurisdiction of the federal courts includes jurisdiction over civil actions where the amount in controversy exceeds $75,000 and each defendant is a resident of a different state than each plaintiff. 28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). However, "[r]emoval jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006); *see also* 28 U.S.C. § 1441(b)(setting forth the forum defendant rule).

CSAA Insurance Exchange and AAAFCIC, as the parties invoking the Court's jurisdiction bear the burden of establishing diversity. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Federal removal jurisdiction is statutory in nature, and the Court strictly construes the governing statutes. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986). It is well-settled that the presumption is against removal jurisdiction. *Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002). The Court resolves doubtful cases in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). As noted, the parties agree diversity is lacking, the questions are whether diversity exists if AAA Oklahoma is disregarded, and whether AAA Oklahoma can be disregarded as fraudulently joined. The Court finds that Defendants have failed to establish the existence of diversity without regard to whether Plaintiffs' claims against AAA Oklahoma are viable under Oklahoma law.

Relying on the allegations in the Petition, the Notice of Removal filed by CSAA Insurance Exchange and AAAFCIC asserted that CSAA Insurance Exchange is "a foreign company, formed under the laws of the State of California, with its "nerve center" or "principal place of business" in California. Doc. No. 1, ¶ 7. CSAA Insurance Exchange and Plaintiffs agree, however, that CSAA Insurance Exchange is not incorporated, but rather is a reciprocal insurance exchange, an unincorporated association under California law. As such, the location of its formation and its principal place of business are irrelevant to the Court's diversity analysis. Rather, an unincorporated association is deemed a citizen of any state in which its "members" are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir.2015)(when determining the citizenship of an unincorporated association, federal courts must include all the entities members); *see also True v. Robles*, 571 F.3d 412, 422 n. 2 (5th Cir.2009) ("As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court").

The United States District Court for the District of Oregon recently considered whether, under California law, subscribers were members or customers of an exchange for diversity purposes.[1] *Staggs v. Farmers Insurance Exchange*, 2016 WL 1725302 (D.Or. April 27, 2016). CSAA Insurance Exchange does not take issue with the notion that its subscribers are its members. It argues, however, that because it is not a licensed reciprocal insurer in Oklahoma that it therefore does not have any subscribers in Oklahoma, and

---

[1] CSAA Insurance Exchange does not argue that its subscribers are not members. Rather, its argument hinges on the fact that it is not licensed to write policies in Oklahoma.

therefore cannot be considered a citizen of Oklahoma. The pertinent question from the Court's perspective, however, is not whether CSAA Insurance Exchange can write policies in Oklahoma but rather whether any subscriber is a citizen of Oklahoma. The fact that a policy may be written in California does not foreclose that one or more subscribers is a citizen of Oklahoma for purpose of diversity jurisdiction. This is especially true given that there may be partnerships or limited liability corporations with partners or members who are Oklahoma residents but who have a basis for obtaining insurance in California and have obtained such via subscription to the CSAA Insurance Exchange.

CSAA Insurance Exchange further argues that Plaintiffs did not obtain insurance through the exchange, citing to a statement in Plaintiffs' motion to remand. Doc. No. 16 at p. 9 (citing Doc. No. 9 at p. 6). This argument by Plaintiffs, however, was directed at the issue of whether AAA Oklahoma was fraudulently joined. CSAA Insurance Exchange does not assert it was fraudulently joined as a party, and thus whether Plaintiffs may pursue a claim against the Exchange is not pertinent to the issue of the Court's jurisdiction.

The Court concludes the removing Defendants have failed to establish the existence of complete diversity between the parties so as to permit this Court to exercise jurisdiction. As such, for the reasons set forth above, Plaintiffs' Motion to Remand (Doc. No. 9) is hereby GRANTED. The Clerk shall remand this matter to the District Court of Logan County.

**IT IS SO ORDERED** this 6th day of March 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE